1   THOMAS L. SANSONETTI
    Assistant Attorney General
2   Environment and Natural Resources Division
    United States Department of Justice
3   Washington, DC  20530

4   ANGELA O'CONNELL
    Environmental Enforcement Section
5   Environment and Natural Resources Division
    United States Department of Justice
6   301 Howard Street, Suite 1050
    San Francisco, California  94105
7   Telephone:  (415) 744-6485
    Facsimile:  (415) 744-6476
8

9   KEVIN V. RYAN
    United States Attorney
10   Northern District of California
    CHARLES O'CONNOR
11   Chief, Natural Resources Section
    450 Golden Gate Avenue, Box 36055
12   San Francisco, California  94102

13   Attorneys for Plaintiff United States of America

14   R. MORGAN GILHULY
    Barg Coffin Lewis & Trapp, LLP
15   One Market
    Steuart Tower, Suite 2700
16   San Francisco California 94105-1475

17   Attorney for Defendants

18         IN THE UNITED STATES DISTRICT COURT

19      FOR THE NORTHERN DISTRICT OF CALIFORNIA

20           SAN FRANCISCO DIVISION

21

22

23   UNITED STATES OF AMERICA,     )
                                   )
24           Plaintiff,          )
                                     )
25             v.               )
                                     )
26   REUNION INDUSTRIES, INC. and   )
    BUTTES GAS AND OIL CO.        )
27           Defendants.       )
28

CIVIL ACTION NO. _____

CONSENT DECREE

AND
JUDGMENT

C 04  0671

MHP

FILED
MAY - 6 2004
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# TABLE OF CONTENTS

I. BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

II. JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

III. PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

IV. DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

V. PAYMENT OF PAST RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . -5-

VI. FAILURE TO COMPLY WITH REQUIREMENTS OF
CONSENT DECREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

VII. COVENANTS BY PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

VIII. RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

IX. COVENANTS BY SETTLING DEFENDANTS . . . . . . . . . . . . . . . . . . . -10-

X. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION . . . . . . -11-

XI. RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

XII. NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

XIII. RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . -15-

XV. EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

XVI. SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

XVII. FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

i

# I. BACKGROUND

A.     The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, as amended, seeking reimbursement of Past Response Costs incurred by EPA in connection with the release or threatened release of hazardous substances at and from the Gambonini Mercury Mine Site located in Marin County, California.

B.     This Consent Decree provides for the Settling Defendants to pay a payment of one hundred thousand dollars ($100,000) in Past Response Costs to the EPA as specified in Section V (Payment of Past Response Costs) of the Consent Decree.

C.     The United States and the Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties to this Decree it is hereby ORDERED, ADJUDGED, and DECREED:

# II. JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C.§9607 and 9613(b). This Court also has personal jurisdiction over the Settling Defendants. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III. PARTIES BOUND

2.    This Consent Decree applies to and is binding upon the United States and upon Settling Defendants and their successors, and assigns. Any change in ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets or real or personal property shall in no way alter any individual Settling Defendant's responsibilities under this Consent Decree.

### IV. DEFINITIONS

3.    Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.*

"Consent Decree" shall mean this Decree and all appendices attached hereto. In the event of conflict between this Decree and any appendix, this Decree shall control.

"Day" shall mean a calendar day unless expressly stated to be a working day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall be the effective date of this Consent Decree as provided in Section XV.

"EPA" shall mean the United States Environmental Protection Agency and

-3-

any successor departments or agencies of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Facility" shall mean the Gambonini Mine Site, encompassing approximately 16 acres, located at 1403 Wilson Hill Road, Petaluma, California.

"Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

"Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendants.

"Plaintiff" shall mean the United States of America.

"Past Response Costs" shall mean all direct and indirect costs, that EPA or DOJ on behalf of EPA, has paid at or in connection with the Site as of the Effective Date of this Consent Decree.

"Response Actions" shall mean those activities relating to the Site as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

"Section" shall mean a portion of this Consent Decree identified by a roman numeral.

"Settling Defendants" shall mean Reunion Industries, Inc. and Buttes Gas & Oil Co.

"Site" shall mean the Facility and any areas to which contamination has come to be located.

"United States" shall mean the United States of America, including all of its departments, agencies, and instrumentalities.

-4-

## V.  PAYMENT OF PAST RESPONSE COSTS

4.  Settling Defendants' Limited Ability to Pay

The United States has reviewed financial information submitted by Settling Defendants and has determined that Settling Defendants have a limited ability to pay Past Response Costs. Based on the financial information submitted, the United States has determined that Settling Defendants can reimburse the EPA the amounts set forth in Paragraph 5 below.

5.  Payment of Past Response Costs

 a. In reimbursement of EPA Past Response Costs, Settling Defendants shall pay one hundred thousand dollars ($100,000) to EPA. In recognition of the Settling Defendants' limited ability to pay, payment shall be in installments pursuant to the following schedule:

  (1) Within thirty (30) days of entry of this Consent Decree, the Settling Defendants shall pay to EPA the sum of twenty-five thousand one dollars ($25,001).

  (2) Within twelve (12) months of the entry of this Consent Decree, the Settling Defendants shall pay thirty-seven thousand five hundred dollars ($37,500) plus Interest accruing from the date of entry.

  (3) Within twenty-four (24) months after the date of entry of this Consent Decree, the Settling Defendants shall pay thirty-seven thousand four hundred ninety-nine dollars ($37,499), plus Interest accruing from the date of entry.

 b. Payment shall be made to EPA by Electronic Funds Transfer ("EFT") in accordance with current EFT procedures to be provided to Settling Defendants by EPA Region IX and shall be accompanied by a

statement identifying the names and address of the Settling Defendants making payment, the Site name, the EPA Region and Site/ Spill ID Number CA0002322469, and the docket number for this action.

c.    At the time of payment, Settling Defendants shall also send notice that payment has been made to EPA in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number CA0002322469 and the EPA docket number for this action.

d.    The total amount to be paid pursuant to this Section shall be deposited in the Gambonini Mine Site Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

## VI. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

6.    <u>Interest on Late Payments</u>

If any Settling Defendant fails to make any payment required by Paragraph 5, by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

7.    <u>Stipulated Penalty</u>

a.    If any amounts due to EPA under Paragraph 5 are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 6, one thousand dollars ($1,000) per day that such payment is late.

b.    If Settling Defendants do not comply with any non-payment obligations of this Consent Decree, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a Stipulated Penalty, one thousand dollars ($1,000) per violation per day of such non-compliance.

c.    Stipulated penalties are due and payable within thirty (30) days of the date of demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "Stipulated Penalties" and shall be made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the Settling Defendants making payment, the Site name, the EPA Region and Site/Spill ID Number, and the EPA Docket Number for this action. Settling Defendants shall send the check (and any accompanying letter) to:

> U.S. Environmental Protection Agency
> Region IX, Attn: Superfund Accounting
> P.O. Box 360863M
> Pittsburgh, PA   15251
> Attention:  Region IX Accounting

d.    At the time of each payment, Settling Defendants shall also send notice that payment has been made to EPA in accordance with Section XII (Notices and Submissions). Such notice shall identify the EPA Region and Site/Spill ID Number CA0002322469 and the EPA Docket number for this action.

e.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and

-7-

shall continue to accrue through the date of payment.

8.     In addition to the Interest and Stipulated Penalty payments required by this Section and any other remedies or sanctions available to EPA by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree, any Settling Defendant who fails or refuses to comply with the requirements of this Consent Decree shall be subject to enforcement action pursuant to Section 122(h)(3) of CERCLA, 42 U.S.C. § 9622(h)(3). If the United States, on behalf of EPA, brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including, but not limited to costs of attorney time.

9.     The obligations of the Settling Defendants to pay amounts owed to EPA under this Consent Decree are joint and several. In the event of the failure of any one or more Settling Defendants to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

10.    Notwithstanding any other provision of this Section, EPA may, in its unreviewable discretion, waive payment of any portion of the Stipulated Penalties that have accrued pursuant to this Consent Decree. Payment of Stipulated Penalties shall not excuse Settling Defendants from payment as required by Section V (Payment of Past Response Costs) or from performance of any other requirements of this Consent Decree.

## VII. COVENANTS BY PLAINTIFF

11.    In consideration of the payments that will be made by the Settling Defendants under the terms of the Consent Decree, and except as specifically provided in Section VIII (Reservation of Rights), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to

-8-

Section 107 of CERCLA, 42 U.S.C. § 9607, to recover Past Response Costs. These covenants not to sue shall take effect upon the receipt by EPA of all payments required by Section V (Payment of Past Response Costs), and Section VI (Failure to Comply with Requirements of Consent Decree). These covenants not to sue are conditioned upon the satisfactory performance by Settling Defendants of its obligations under this Consent Decree. These covenants not to sue extend only to the Settling Defendants and do not extend to any other person.

## VIII. RESERVATION OF RIGHTS

12. <u>General Reservations of Rights</u>

The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within Plaintiff's covenants not to sue. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a. claims based on a failure by Settling Defendants to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d. criminal liability; and

e. liability arising from any future release of a hazardous substance, pollutant or contaminant at the Site by Settling Defendants.

13. Notwithstanding any other provision of this Consent Decree, EPA reserves, and this Consent Decree is without prejudice to, the right to reinstitute or

-9-

reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendants is false or, in a material respect, inaccurate.

14. Further notwithstanding any other provision of this Consent Decree, the United States retains all authority and reserves all rights to take any and all response actions authorized by law.

## IX. COVENANTS BY SETTLING DEFENDANTS

15. Covenant Not to Sue by Settling Defendants

Subject to the reservations in Section VIII (Reservation of Rights), Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs at the Site or this Consent Decree, including, but not limited to:

  a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law;

  b. any claims against the United States, including any department, agency or instrumentality of the United States under CERCLA Sections 107 or 113 related to Past Response Costs at the Site; and

  c. any claims arising out of Response Actions at or in connection with the Site, for which the Past Response Costs were incurred, including any claim under the United States Constitution; the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended; or at common law.

-10-

## X.  EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

16.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

17.    The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendants are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), for matters addressed in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

18.    The Settling Defendants agree that with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree they will notify the United States in writing no later than sixty (60) days prior to the initiation of such suit or claim.

19.    The Settling Defendants also agree with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree they will notify in writing the United States within ten (10) days of service of the complaint on them.  In addition, Settling Defendants shall notify the United States within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial.

20.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other

-11-

appropriate relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants set forth in Section VII (Covenants by Plaintiff).

## XI. RETENTION OF RECORDS

21.     Until ten (10) years after the Effective Date of this Consent Decree, each Settling Defendant shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control, or that come into its possession or control, that relate in any manner to its liability under CERCLA or RCRA with respect to the Site. The above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

22.     At the conclusion of this document retention period, Settling Defendants shall notify the United States at least ninety (90) days prior to the destruction of any such records or documents and, upon request by the United States, Settling Defendants shall deliver any such records or documents to EPA. The Settling Defendants may assert that certain documents, records, and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege, they shall provide the Plaintiff with the following:

    a.     the title of the document, record, or information;

    b.     the date of the document, record, or information;

-12-

c. the name and title of the author of the document, record, or information;

d. the name and title of each addressee and recipient;

e. a description of the subject of the document, record, or information; and

f. the privilege asserted by Settling Defendants.

23. No documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. No claim of confidentiality or privilege shall be made with respect to any data related to the Site. If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff(s) in redacted form to mask the privileged information only. Settling Defendants shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.

24. Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. 6927.

-13-

## XII.  NOTICES AND SUBMISSIONS

25.     Whenever, under the terms of this Consent Decree, written notice is required to be given or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  All notices and submissions shall be considered effective upon receipt, unless otherwise provided.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, and the Settling Defendants, respectively.

As to the United States:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-11-3-07848/1

Bret Moxley (SFD-2)
Superfund Division
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105

Joshua Wirtschafter
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105

As to the Settling Defendants:
President
Reunion Industries
11 Stanwix Street
Suite 1400
Pittsburgh, PA 15222

R. Morgan Gilhuly
Barg Coffin Lewis & Trapp, LLP
One Market
Steuart Tower, Suite 2700
San Francisco, CA  94105-1475

-14-

1

2

## XIII. RETENTION OF JURISDICTION

26.     This Court retains jurisdiction over both the subject matter of this Consent Decree and the Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

27.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), 28 C.F.R. § 50.7, and Section 7003(d) of RCRA, 42 U.S.C. §6973(d). The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

28.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. EFFECTIVE DATE

29.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

-15-

## XVI. SIGNATORIES/SERVICE

30. Each undersigned representative of a Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

31. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendant in writing that it no longer supports entry of the Consent Decree.

32. Each Settling Defendant shall identify on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the court expressly declines to enter this Consent Decree.

## XVII. FINAL JUDGMENT

33. This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

-16-

33.   This consent decree having been lodged with the court on February 18, 2004, and a motion having been filed April 23, 2004, certifying that public notice has been given pursuant to 28 C.F.R. §50.7 and as required by 42 U.S.C. §9622 (d)(2) and that no comments have been received by the Department of Justice within the required comment period, this Consent Decree is APPROVED.

34.   This Consent Decree having been approved as stated above, this Consent Decree shall constitute the final judgment between and among the United States and Settling Defendants. The court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed..R.Civ.P. 54 and 58.

IT IS SO ORDERED AND ADJUDGED this 6th day of May, 2004.

MARILYN HALL PATEL
Chief Judge
United States District Court
Northern District of California

**FOR THE UNITED STATES OF AMERICA**

1.21.04
Date

Tom Sansonetti
Thomas L. Sansonetti
Assistant Attorney General
Environment and Natural Resources
Division
United States Department of Justice

8/11/03
Date

Angela O'Connell
Environmental Enforcement Section
Environment and Natural Resources
Division
United States Department of Justice

-18-

FOR REUNION INDUSTRIES, INC.

Date: 7/31/03

Signature: _____

Name (print):  Joseph C. Lawyer

Title:         Vice-Chairman of the Board

Address:       Reunion Industries, Inc.
               11 Stanwix Street
               Suite 1400
               Pittsburgh, PA 15222


FOR BUTTES GAS & OIL CO.

Date: 7-31-03

Signature: _____

Name (print): JOHN M. FROEHLICH

Title:        VICE PRESIDENT

Address:      11 STANWIX ST.
              SUITE 1400
              PITTSBURGH, PA 15222

Agent Authorized to Accept Service on Behalf of Above-Signed Parties:

Name (print):  Kimball Bradley

Title:         President, Reunion Industries, Inc.

Address:       Reunion Industries, Inc.
               11 Stanwix Street
               Suite 1400
               Pittsburgh, PA 15222

Ph. Number:    (412) 281-7773

**FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:**

10 December 2003
Date

for KEITH TAKATA
Superfund Division Director
U.S. Environmental Protection Agency,
Region IX
75 Hawthorne Street
San Francisco, CA 94105

Of Counsel:

JOSHUA WIRTSCHAFTER
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105

-19-

1
<u>CERTIFICATE OF SERVICE</u>

2
I, Lorraine Gonzales, hereby certify and declare:

3
    1.  I am over the age of 18 and I am not a party to this case.

4
    2.  My business address is 301 Howard Street, Suite 1050, San Francisco, California 94105.

5

6
    3.  On February 18, 2004, I served a true copy of the foregoing, attached document(s) entitled:

7
        COMPLAINT and
        CONSENT DECREE

8

9
This document is being sent via U.S. Postal Mail Service to the following:

10

11
            President
            Reunion Industries
            11 Stanwix Street

12
            Suite 1400
            Pittsburgh, PA 15222

13

14
            R. Morgan Gilhuly
            Barg Coffin Lewis & Trapp, LLP
            One Market

15
            Steuart Tower, Suite 2700
            San Francisco, CA  94105-1475

16

17
            Joshua Wirtschafter
            Assistant Regional Counsel
            U.S. Environmental Protection Agency, Region IX

18
            75 Hawthorne Street
            San Francisco, CA 94105

19

20
I declare under penalty of perjury that the foregoing is true and correct.    Executed on February 18, 2004 in San Francisco, California.

21

22

23

24

25
                    Lorraine Gonzales

26

27

28